**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TRISTAN MICHAEL HYDE** | § | |
| **Walton County, Florida #164253** | § | |
| | § | |
| **V.** | § | **A-22-CV-252-RP-SH** |
| | § | |
| **TOM S. WHITEHEAD, INC.,** | § | |
| **et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ROBERT PITMAN
         UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Tristan Michael Hyde's civil rights complaint. The undersigned

Magistrate Judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and

Rule 1(f) of Appendix C of the Local Court Rules.

**I.    Statement of the Case**

Hyde, proceeding pro se, has been granted leave to proceed *in forma pauperis*. At the time he

filed his complaint, Hyde was confined in the Walton County Jail in Defuniak Springs, Florida.

Records for the Walton County Jail indicate that Hyde posted bond on April 25, 2022. To date,

Hyde has not notified the Court of a change of address.

Hyde asserts that in 2012, he signed a voluntary waiver of extradition while he was in the

Washington County Jail in Brenham, Texas. He requested a final disposition of charges pending

in Lincoln County, New Mexico, before he entered the Texas Department of Criminal Justice

(TDCJ) on a five-year term of imprisonment. Hyde does not make clear whether he was extradited

to Lincoln County before he entered TDCJ.

1

Hyde asserts that in March 2015, before he was released on parole from TDCJ, he had an extradition hearing in Walker County, Texas, to determine whether he should be extradited to Dekalb County, Alabama, to resolve a pending theft charge filed against him in 2012. Hyde further asserts that Dekalb County dismissed the theft charge and cancelled the detainer. Hyde contends that he was released on parole in Texas in May 2015.

Shortly after his release on parole, a detective with the Washington County Sheriff's Office asked Hyde to come to the sheriff's office to complete paperwork. Hyde asserts that he voluntarily went to the sheriff's office and was illegally detained on warrants from New Mexico and Alabama. Hyde denies that he was a fugitive from New Mexico or Alabama.

Hyde alleges that radio station KWHI, owned or operated by Tom S. Whitehead, Inc. (Whitehead), immediately posted Hyde's mugshot online, announcing his May 2015 arrest and describing him as a fugitive from justice from New Mexico and Alabama. Hyde asserts that these mugshots and articles are still present online. He claims that Washington County Sheriff Otto Hanak directed the false statements and mugshots. Hyde contends that the posts interfere with his ability to conduct business.

Hyde contends that a judge in Washington County ruled that he was not a fugitive from justice in a habeas corpus proceeding on or about May 7, 2015, and ordered Hyde released from custody. Hyde states that he was rearrested on or about that same day on the same 2012 warrant from Dekalb County, Alabama, and transported to Dekalb County in a "dog cage" that took three weeks to arrive. Hyde alleges that he was released on bond on arrival.

Approximately one year later, the Governor of New Mexico ordered Hyde to be extradited to Lincoln County, New Mexico. Hyde contends this was done with no formal extradition

proceedings. Hyde does not allege when he was extradited to New Mexico, but claims that officers used a TASER on him on June 6, 2018, presumably during an arrest, in Washington County, Texas.

Hyde explains that he filed a tort claim in state court against the Brenham Police Department and the Washington County Sheriff's Department. Hyde asserts that a state judge held a hearing on February 21, 2021, during which the judge acknowledged that Hyde experienced a bodily injury and said: "[W]e know the plaintiff was injured by the excessive force of the BPD and WCSO."

Hyde states that he was released from New Mexico's custody on February 14, 2021, seven days before the hearing, and that he was denied an opportunity to hire private counsel before the hearing. Hyde also alleges that he was denied his medical records on written request to the Washington County Sheriff's Department before the hearing because he was incarcerated when he made the request.

Hyde now sues Whitehead; Washington County, Texas; the Washington County Sheriff's Department; Washington County Sheriff Otto H. Hanak; the State of Texas; and KWHI. Hyde asks the Court to order Whitehead and KWHI to remove from KWHI's website any mugshots taken by the Washington County Sheriff's Department related to his alleged unlawful arrest and any statements that Hyde was a fugitive from justice from New Mexico and Alabama. Hyde also seeks damages in the amount of $100 million.

## II.    Legal Standard

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### III.    Analysis

**A.  State of Texas**

To the extent that Hyde attempts to sue the State of Texas for constitutional violations under 42 U.S.C. § 1983, his claims are barred by sovereign immunity. Sovereign immunity bars suit against a state or state entity, regardless of whether money damages or injunctive relief is sought. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989) (states are not "persons" subject to suit under § 1983).

**B.  HIPAA**

Without stating any facts to support his claim, Hyde asserts that all defendants violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA). HIPAA generally provides for confidentiality of medical records. 42 U.S.C. §§ 1320d-1 to d-7. There is no private cause of action under HIPAA; therefore, the Court lacks subject matter jurisdiction over this claim. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006).

**C.  Washington County Sheriff's Department**

The Washington County Sheriff's Department is not a legal entity capable of being sued. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena*

*Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).

## D.  KWHI and Tom S. Whitehead, Inc.

Hyde sues KWHI and Whitehead for various constitutional violations, but alleges no facts establishing that KWHI and Whitehead are state actors for purposes of Section 1983. "To state a cause of action under section 1983 the appellant must allege that the person who deprived him of a federal right was acting under color of law." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). Thus, for the private citizens to be liable under Section 1983, Hyde would have to show a conspiracy between those defendants and state actors by alleging specific facts demonstrating "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Id.* Hyde alleges that KWHI published his mugshot at the immediate direction of the sheriff and on approval by the State of Texas. His conclusory allegations are insufficient to establish that KWHI and Whitehead are state actors.

Even if KWHI and Whitehead were state actors, Hyde's claims against them are time-barred. There is no federal statute of limitations for Section 1983 actions. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Texas, the applicable limitations period is two years. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing Tex. Civ. Prac. & Rem. Code § 16.003(a)). Federal law determines when a Section 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under Section 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski*, 51 F.3d at 516. Hyde's cause of action

accrued when KWHI published his mugshot in May 2015. He executed his complaint on March 9, 2022, nearly seven years later, long after the limitations period expired. Thus, his claims KWHI and Whitehead are time-barred.

### E. Washington County and Sheriff Hanak

Finally, Hyde's remaining claims against Washington County and Sheriff Hanak are either time-barred or fail to state a claim on which relief can be granted. Hyde challenges his initial arrest in May 2015, his subsequent arrest in May 2015, and his 2015 extradition to Alabama. Hyde also appears to assert claims related to the 2016 extradition warrant and his state civil proceedings in 2021.

#### 1. 2015 and 2016 Claims Are Time-Barred

First, Hyde's claims regarding his first arrest in May 2015 are time-barred. He alleges that a state judge granted him habeas corpus relief and ruled he was not a fugitive from justice that same month. His limitations period regarding these claims expired two years later, in May 2017.

For the same reason, Hyde's claims that he was falsely arrested and extradited to Alabama in 2015 are time-barred. Hyde complains of actions taken in 2015 and indicates the Alabama charges were dismissed more than two years before he filed his civil rights complaint.

To the extent that Hyde challenges the 2016 extradition warrant demanding that he be brought to Lincoln County, New Mexico, he complains of events that happened in 2016, more than two years before he filed his complaint. Moreover, the Governor of New Mexico issued the warrant, not the sheriff.

#### 2. Failure to State a Claim

With respect to his civil case filed in state court, Hyde fails to state a claim on which relief can be granted. Hyde contends that the trial court denied him the opportunity to hire counsel before

his February 21, 2021 hearing. However, the sheriff is not responsible for the state trial court's rulings. In addition, a federal court does "not sit as a super state supreme court" or "act as an arm" of the state appellate courts. *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986) (internal quotation marks omitted).

Hyde also has not stated a violation of his federal constitutional rights regarding the denial of medical records that he claims were needed to prove his tort claim in state court. Hyde alleges that he submitted a public records request for his medical records, which was denied because he was incarcerated when he filed the request.

Pursuant to section 552.028 of the Texas Government Code, a governmental body is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility. Hyde fails to explain how complying with state law violated his federal constitutional rights or why he was unable to obtain the records through proper discovery in his civil case in state court.

## IV.    Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Hyde's claims against the State of Texas and his claims asserting a right under HIPAA be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. It is further recommended that Hyde's remaining claims be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e) or as time-barred.

It is further recommended that Hyde be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

If this Report and Recommendation is accepted, adopted, or approved, it is further recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## V.    Objections

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained within this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations and, except on grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 9, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE